DURO PUMP COMPANY, INC., Appellant, v. RAYMOND CONWAY & COMPANY, Respondent.— Judgment in favor of defendant reversed, on the law and facts, and defendant's counterclaim dismissed, with costs, and judgment directed in favor of plaintiff for $251.95, face of note and protest fees, with interest from November 15, 1924, and for $17.31, balance of open account, with interest from January 17, 1925, with costs. Cochrane, P. J., Van Kirk, Hinman, Davis and Whitmyer, JJ., concur. The court disapproves of findings II, III, IV, V, VIII, IX, X, XI, XII and XIII, and finds as follows: I. That plaintiff and defendant are domestic corporations, duly organized and existing under the laws of the State of New York, and were at all the times herein set forth. II. That on or about July 1, 1923, the parties entered into an agreement, by which defendant was to sell pumps for plaintiff, receiving the regular dealer's discount, as did other dealers, and by which local advertising costs were to be paid in the proportion of one-third by plaintiff and two-thirds by defendant. III. That the parties worked under said agreement until on or about October 7, 1924, at which time plaintiff entered into an agreement with the Kingston Gas and Electric Company of Kingston, N. Y., whereby it was agreed that the salesmen of said gas company were to endeavor to sell plaintiff's pumps and water systems and plaintiff was to pay a commission of ten per cent to the salesmen of said company on all sales made by them or closed on leads furnished by them. IV. That plaintiff thereupon communicated the terms of said agreement to defendant and agreed to pay it a commission of fifteen per cent for installing in such cases, if requested or designated by the customer to install, and that defendant agreed. V. That the parties, from that time, performed under such arrangement and that defendant, on November 15, 1924, made, executed and delivered to plaintiff its promissory note, dated on that day, and thereby promised to pay the sum of $250.72, with interest, to the order of plaintiff, one month after said date, at the Kingston Trust Company, Central Branch, Kingston, N. Y. VI. That on or about December 15, 1924, plaintiff duly presented said note for payment at the bank where it was payable, and it was protested for non-payment, that plaintiff paid $1.23 protest fees, that no part thereof has been paid and that plaintiff is still the owner and holder thereof. VII. That between July 6, 1923, and January 17, 1925, plaintiff sold and delivered to defendant, at defendant's request, certain goods, wares and merchandise and advanced and paid certain advertising expenses, due and owing under their agreement, all of the reasonable value of $489.13, no part of which has been paid except the sum of $471.82, and that there is now due and owing from defendant to plaintiff, by reason thereof, the sum of $17.31, with interest from January 17, 1925, as shown by Exhibit A of the complaint. VIII. That under the agreement between the parties, defendant is not entitled to and does not claim commissions on sales made by plaintiff or by other dealers, where the customer designated or chose another plumber to install; that those credited on the Craig and Nudder & Goddard jobs in Exhibit A of the complaint were a gift by plaintiff to defendant; that defendant has received commissions on all sales and installations made by it, and that nothing is due

and owing to it on account thereof. And, as conclusions of law: I. That defendant's counterclaim should be dismissed. II. That plaintiff should have judgment for $251.95, face of note and protest fees, with interest from November 15, 1924, and for $17.31, balance of open account, with interest from January 17, 1925.